IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL 17 A 10: 51

| | |
|---|---|
| DAVID W. JAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:06cv623- |
| ) | |
| REGINALD JAMES ) | |
| WASHINGTON, individually ) | |
| and GSC ENTERPRISES, INC. ) | |
| d/b/a GROCERY SUPPLY ) | |
| COMPANY ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

COMES NOW the Defendants REGINALD JAMES WASHINGTON and GSC ENTERPRISES, INC., d/b/a GROCERY SUPPLY COMPANY, (incorrectly designated in the Plaintiff's Complaint as Grocery Supply Company) and give this, their Notice of Removal of this action to the United States District Court pursuant to 28 U.S.C. §§ 1332 and 1441(a) U.S. Code, and in support thereof show unto the Court the following:

A. <u>Pleadings and Service</u>

1. A Complaint filed by Plaintiff David W. Jahn commenced this civil action in the Circuit Court of Butler County, Alabama on June 1, 2006. This action was styled and numbered *David W. Jahn v. Reginald James Washington, et al.,* CV2006-84. A true and correct copy of the original Complaint and all pleadings served on these Defendants is attached hereto and marked as Exhibit "A."

2. A copy of the Summons and Complaint was served on Defendant Reginald

James Washington on June 19, 2006 and a copy of the Summons and Complaint was served on Defendant GSC Enterprises, Inc. d/b/a Grocery Supply Company on June 19, 2006.

3. This Notice of Removal is filed and served within thirty days from the date of service of the Summons and Complaint on the first Defendant.

4. This civil action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original diversity jurisdiction under provision 28 U.S.C. § 1332 where there is complete diversity between the Plaintiff and the Defendants and where the amount in controversy exceeds $75,000, exclusive of interest and costs.

B. <u>Diversity of Citizenship</u>

5. Plaintiff is a resident citizen of the State of Alabama residing in Houston County, Alabama.

6. Defendant Reginald James Washington is a resident citizen of the State of Florida.

7. Defendant GSC Enterprises, Inc. d/b/a Grocery Supply Company is a Texas corporation with its principle place of business in Sulpher Springs, Texas.

8. Accordingly, there exists complete diversity of citizenship under 28 U.S.C. § 1332 between the Plaintiff and all Defendants.

C. <u>Amount-In-Controversy</u>

9. The Complaint seeks an unspecified amount of damages based upon the alleged negligence and/or wantonness of the Defendants in connection with a motor vehicle accident. Nonetheless, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. Plaintiff seeks damages for severe personal injuries including serious and permanent injuries, medical treatment and related care, extreme pain and suffering

and mental anguish. Further, Plaintiff demands compensatory and punitive damages in excess of the required jurisdictional amount of the state Court and also requests attorneys' fees and interests and costs.

10. In *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001), the Court stated: "Where, as here, the Plaintiff has not pled a specific amount of damages, the removing Defendant must prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."

11. In determining whether the jurisdictional level has been met, this Court may look for guidance in recent decisions in cases involving the same type of lawsuit. *DeAguilar v. Boeing Co.*, 11 F. 3d 55, 58 (11th Cir. 1993).

12. There are many reported vehicular accident decisions in Alabama, especially in cases where a tractor-trailer was involved, in which the verdict exceeds $75,000. *See Hornaday Trucking, Inc. v. Meadows*, 847 So. 2d 908 (Ala. 2002) (upholding multiple compensatory damage awards for personal injuries arising from truck accidents ranging from $1 million to $2 million); *Tillis Trucking Co., Inc. v. Moses*, 748 So. 2d 874 (Ala. 1999) (holding that judgment on verdict against driver and trucking company in the amount of $7 million be remitted to $1.5 million); *Star Freight, Inc. v. Sheffield*, 587 So. 2d 946 (Ala. 1991) ($200,000 verdict in wrongful death case arising from tractor trailer accident); *Valley Building and Supply, Inc. v. Lombus*, 590 So. 2d 142 (Ala. 1991) (Judgment on jury verdict of $600,000 upheld in case arising from tractor-trailer accident).

13. Prospective punitive damages must be considered in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987). Based on the reported decisions cited in this Notice of Removal, it

is clear that a civil action concerning a vehicular accident in which a tractor trailer is involved would more probably than not result in a jury verdict in excess of the jurisdictional minimum of $75,000.

14.    The Complaint seeks recovery based upon wantonness, which would allow recovery for punitive damages based upon the Defendants' conduct. "Wantonness" is statutorily defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3). Wantonness has been judicially defined as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Stone v. Southland National Ins. Corp.*, 589 So. 2d 1289, 1292 (Ala. 1991). Thus, the Plaintiff has alleged and expects to prove that the Defendants are guilty of egregious conduct justifying a large verdict.

15.    If any question arises as to the existence of the requisite amount controversy, Defendants request the opportunity to submit post-removal evidence in accordance with procedures adopted by the 11th Circuit. In *Sierminski v. TransSouth Financial Corp.*, 216 F. 3d 945, 949 (11th Cir. 2000) in affirming the denial of plaintiff's Motion to Remand, the 11th Circuit held that the District Court properly considered defendant's post-removal evidence, including defendant's Request for Admissions directed to the amount in controversy.

D.    <u>Removal is Timely</u>

16.    This removal is made within thirty days of service of the Summons and Complaint on the first Defendant.

E.   <u>All Pre-requisites for Removal are Satisfied</u>

17.   Written notice of the filing of this Notice of Removal will be given to the adverse party counsel.

18.   A Notice of Filing Notice of Removal, with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Circuit Court of Butler County, Alabama.

19.   The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division and this cause is removable to the United States District Court for Middle District of Alabama, Northern Division.

20.   If any questions arise as to propriety of removal of this action, Defendants request the opportunity to present oral argument in support of their position that this case is removable.

WHEREFORE, PREMISES CONSIDERED, Defendants desire to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division for Butler County, in which said action is pending and pray that the filing of this Notice of Removal shall affect the removal of this lawsuit to this Court.

Dated 14th day of July, 2006.

_____
Shane M. Oncale – ASB-8108-N77S
Eric D. Bonner – ASB-7718-C63B

OF COUNSEL:

CLARK, ONCALE, HAIR & SMITH, P.C.
800 Shades creek Parkway
Suite 850
Birmingham, AL 35209
(205) 397-2900

## CERTIFICATE OF SERVICE

I herby certify that on this the 14th day of July, 2006 a copy of the foregoing was forwarded by United States mail, postage prepaid, affixed hereto, upon the following counsel of record:

Terry G. Key, Esq.
Christy L. Hayes, Esq.
COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.
PO Box 927
Dothan, AL 36302

_____
OF COUNSEL