# EXHIBIT

# A

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

DAVID W. JAHN,                                )
                                             )
     Plaintiff,                          )
                                             )
vs.                                          ) Civil Action No.: CV-2006- 84
                                             )
REGINALD JAMES WASHINGTON,                   )
individually and                             )
GROCERY SUPPLY COMPANY,                      )
                                             )
     Defendants.                         )

### SUMMONS

Service of this Summons is initiated upon the written request of Plaintiff's attorney pursuant

to the *Alabama Rules of Civil Procedure*.

        NOTICE TO:       **Reginald Washington**
                           **1023 North 8th Avenue**
                           **Pensacola, AL 32501**

The Complaint, which is attached to this Summons, is important and you must take immediate

action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a

written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's

attorneys, Christy L. Hayes and Terry Key, whose address is Cochran, Cherry, Givens, Smith, Lane

& Taylor P.C., P. O. Box 927, Dothan, Alabama, 36302. This Answer must be mailed or delivered

within thirty (30) days after this Summons and Complaint were delivered to you or a judgment by

default may be entered against you for the money or other things demanded in the Complaint. You

must also file the original of your Answer with the Clerk of this Court.



FILED IN OFFICE
ALLEN STEPHENSON

JUN 0 1 2006

CIRCUIT CLERK
BUTLER COUNTY

**RETURN ON SERVICE**

       Certified Mail return receipt received in this office on _____ (Return receipt hereto

attached).

Dated:_____

                                 Server Signature

_____  By: _____

Date                             Clerk/Register

---

**RETURN ON SERVICE:**

I certify that I personally delivered a copy of the Summons and Complaint on the _____ day of

_____, 2006.

_____         _____

Server Signature                             Date

_____         _____

Address of Server                         Type of Process Server

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

DAVID W. JAHN,                                    )
                                                 )
    Plaintiff,                       )
                                                 )
vs.                                              ) Civil Action No.: CV-2006- 84
                                                 )
REGINALD JAMES WASHINGTON,                       )
individually and                                 )
GROCERY SUPPLY COMPANY,                          )
                                                 )
    Defendants.                      )

### SUMMONS

Service of this Summons is initiated upon the written request of Plaintiff's attorney pursuant

to the *Alabama Rules of Civil Procedure.*

        **NOTICE TO:**        **Grocery Supply Company**
                                     **4150 West Blount Street**
                                     **Pensacola, FL 32505**

The Complaint, which is attached to this Summons, is important and you must take immediate

action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a

written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's

attorneys, Christy L. Hayes and Terry Key, whose address is Cochran, Cherry, Givens, Smith, Lane

& Taylor P.C., P. O. Box 927, Dothan, Alabama, 36302. This Answer must be mailed or delivered

within thirty (30) days after this Summons and Complaint were delivered to you or a judgment by

default may be entered against you for the money or other things demanded in the Complaint. You

must also file the original of your Answer with the Clerk of this Court.



FILED IN OFFICE
ALLEN STEPHENSON

JUN 0 1 2006

CIRCUIT CLERK
BUTLER COUNTY

**RETURN ON SERVICE**

      Certified Mail return receipt received in this office on _____ (Return receipt hereto

attached).

Dated:_____       _____

                                           Server Signature

_____    _____   By: _____

Date                               Clerk/Register

---

**RETURN ON SERVICE:**

I certify that I personally delivered a copy of the Summons and Complaint on the _____ day of
_____, 2006.

_____      _____

Server Signature                             Date

_____      _____

Address of Server                         Type of Process Server

2

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

DAVID W. JAHN,                    )
                                  )
    Plaintiff,            )
                                  )
vs.                               )    Civil Action No.: CV-2006-_84_
                                  )
REGINALD JAMES WASHINGTON,        )
individually and                  )
GROCERY SUPPLY COMPANY,           )
                                  )
    Defendants.           )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT REGINALD JAMES WASHINGTON

    COMES NOW the Plaintiff in the above-styled cause and, and pursuant to Rule 33, *Alabama Rules of Civil Procedure* (ARCP), propounds the following Interrogatories upon the Defendant, Reginald James Washington.

    You are reminded that each Interrogatory is to be answered, under oath, separately and fully in writing. The party to whom these Interrogatories are directed shall sign answers provided thereto while your attorney shall sign any objections. Rule 33, ARCP, provides that your answers and/or any objections shall be furnished to the propounding party within 30 days after service, excepting that such response may be made within 45 days after service of the summons and complaint. Failure to properly respond may subject the answering party to sanctions as delineated under Rule 37, ARCP.

    You are further reminded that the answers provided to these Interrogatories may be used at the trial of this matter. An Interrogatory is not necessarily improper simply because the answer involves an opinion or contention that relates to fact or the application of law to the fact.

    Pursuant to Rule 26, ARCP, you are under a duty to seasonably supplement any response addressed to the identity and location of persons having knowledge of discoverable matters as well as the identity of any person expected to be called as an expert witness at trial, the subject matter upon which the expert is expected to testify and the substance of the expert's testimony. Additionally, you are under a duty to timely amend a prior response should you obtain information upon the basis of which you (A) know the response was incorrect when made, or (B) you know the response, though correct when made, is no longer true and the circumstances are such that a failure to amend your response is in substance a knowing concealment.

### DEFINITIONS

    1.    "You" and "your" are intended to, and shall include in addition to the named party to whom these Interrogatories are directed, the party's attorney(s) and any and all agents, employees, representatives, private investigators and\or any others who have acted on behalf of the named party.

FILED IN OFFICE
ALLEN STEPHENSON
JUN 0 1 2006
CIRCUIT CLERK
BUTLER COUNTY

2.     Unless the context shall indicate otherwise, the term "accident" shall refer to the event made the basis of this action as described in the Complaint filed herein.

## INTERROGATORIES

Respond to the following:

1.     State your full name, date and place of birth, residential address, marital status, social security number, driver license's state and number and all former names.

**ANSWER:**

2.     State your occupation and business address.

**ANSWER:**

3.     Describe in detail each act or omission on the part of Plaintiffs you contend constituted negligence that was a contributing legal cause of the accident in question.

**ANSWER:**

4.     List the names and addresses of all persons believed or known by you, your agents or attorneys, who have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which such person has knowledge.

**ANSWER:**

5.     List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys who have heard or who is purported to have heard the Plaintiffs make any statement, remark or comment concerning the accident described in the Complaint and the substance of each statement, remark or comment.

**ANSWER:**

6.     Did you or any agent or employee of yours ever prepare, submit or make any written statement or report of this incident? If answer is in the affirmative, state the date of any such written statement or report and the substance and contents of any such written statement or report.

**ANSWER:**

7.     State whether you have ever discussed this accident with anyone. If so, please state their name and address and telephone number.

**ANSWER:**

2

8.    Did any mechanical defect in the motor vehicle you were driving at the time of the accident contribute to the occurrence of the accident? If so, what was the nature of the defect?

**ANSWER:**

9.    Were you suffering from physical infirmity, disability or sickness at the time of the accident described in the Complaint? If your answer is in the affirmative, state the following:

      a.    A full and complete description of any such condition, including its nature, extent and severity;

      b.    The duration of time, in months and days, that you had any such condition prior to this accident;

      c.    Any medical or hospital examination, treatment or care you had received for any such condition;

      d.    The names and addresses of any doctors or hospitals involved in the examination,

      e.    Treatment or care for any such condition;

      f.    The dates of each and every such examination, treatment or care for any such condition; and

      g.    Your entire medical history as it relates in any way to any such condition.

**ANSWER:**

10.    Did you consume any alcoholic beverages or take any drugs or medication within 12 hours before the occurrence of the accident described in the Complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where did you consume them?

**ANSWER:**

11.    Have you ever been convicted of a crime? If so, what was the date and place of conviction?

**ANSWER:**

12.    Do you wear glasses or contact lenses? If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

**ANSWER:**

13.    Were you wearing eyeglasses or other corrective lenses at the time of the accident?

**ANSWER:**

14.    At the time of the accident, if you were not wearing your eyeglasses or other corrective lenses, explain in full detail why you were not.

**ANSWER:**

15.    If your answer to the preceding Interrogatory is in the affirmative, state:

     a.    A full description of such glasses;

     b.    Whether or not such glasses were prescription glasses; and

     c.    The location where such glasses may be examined.

**ANSWER:**

16.    List the name and address of all persons or corporations who were the registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the accident described in the Complaint.

**ANSWER:**

17.    If you did not own the motor vehicle you were driving, state the following:

     a.    The name, current address and current phone number of the owner;

     b.    Your relationship to the owner at the time of the incident;

     c.    The number of times the owner has allowed you to use his or her vehicle in the twelve (12) months prior to the incident; and

     d.    The knowledge that the owner had of your driving violations, if any, prior to the incident.

     e.    Why the owner provided the vehicle to you.

     f.    The business purpose, if any, in your use of the vehicle at the time of the accident that is the basis of this lawsuit.

**ANSWER:**

18.     Were you, on or about the date of the incident, duly licensed to operate a motor vehicle?

**ANSWER:**

19.     At the time and place of the incident, were you the operator of the vehicle as alleged?

**ANSWER:**

20.     Were you charged with any violation of law arising out of the incident referred to in the Complaint?  If so,

      a.     What plea did you enter to the charge;

      b.     What court was the charge heard in;

      c.     What was the nature of the charge; and

      d.     Was the testimony at any trial on the charge recorded in any manner and, if so, what was the name and address of the person who recorded the testimony?

**ANSWER:**

21.     Have you received any traffic tickets in the past twelve (12) months.  If so, state the following:

      a.     The nature of the offense;

      b.     The county in which the offense took place;

      c.     The date of the offense; and

      d.     The outcome of the offense.

**ANSWER:**

22.     Describe in detail how the accident happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the accident.

**ANSWER:**

5

23.    State exactly where this incident occurred, including the names of cities or towns, names and numbers of streets, and other named or readily identifiable landmarks, buildings or fixed objects.

**ANSWER:**

24.    Describe the location where this incident happened, stating in your answer:

      a.    The approximate widths of all roadways or streets involved;

      b.    All traffic signs, markings on pavements, or traffic control signals; and

      c.    The posted speed limit, if any, in the area.

**ANSWER:**


25.    Describe as fully as possible the weather and road conditions at the time and location of the incident, setting forth conditions of light, precipitation and temperature.

**ANSWER:**

26.    List the names, business addresses and business telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and/or treated in the past five (5) years.

**ANSWER:**

27.    Pursuant to ARCP Rule 26(b)(2), please list any and all policies of insurance, their coverage amounts, etc. that may be liable to satisfy all or part of a judgment that may be entered in this action or to reimburse Plaintiffs for payments made to satisfy a judgment in this action.

**ANSWER:**

28.    Do you understand that the answers to the Interrogatories are continuing and that you are required to supplement our answers at all times prior to trial should you acquire additional knowledge or information which could supplement the answers which you are now making to these Interrogatories?

**ANSWER:**

DATED this the _30th_ day of May, 2006.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**


Terry G. Key (KEY-011)


Christy L. Hayes (HAY-058)
Attorneys for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555


**TO BE SERVED SIMULTANEOUSLY WITH COMPLAINT**

7

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

DAVID W. JAHN,                          )
                                        )
    **Plaintiff,**                     )
                                        )
vs.                                     )  Civil Action No.:  CV-2006- 84
                                        )
REGINALD JAMES WASHINGTON,              )
individually and                        )
GROCERY SUPPLY COMPANY,                 )
                                        )
    **Defendants.**                    )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT REGINALD JAMES WASHINGTON

Comes now the Plaintiff in the above-styled cause and requests that the Defendant respond to the Plaintiff's First Request for Production of Documents for production by producing at the office of the Plaintiff's counsel, for any and all purposes provided by Rule 34 of the *Alabama Rules of Civil Procedure* and within the specified therein, the following: YOU MAY COMPLY WITH THIS REQUEST BY MAILING A PHOTOSTATIC COPY OF ALL RECORDS AS REQUESTED TO COUNSEL OF RECORD FOR PLAINTIFF.

Plaintiff requests Defendant Reginald James Washington to:

1. Please provide copies of any statements obtained by you from any witnesses or any other individual pertaining to the accident which is the subject matter of this lawsuit.

2. Please provide copies of any and all notes, investigative reports, memoranda, correspondence or statements now in the possession of your insurance carrier, said items obtained prior to this lawsuit and said items prepared in the ordinary course of the insurance company's business.

3. Copy of any photograph in the possession of your insurance carrier, your attorney, or yourself of the scene of the accident or the vehicle(s) involved.

4. Please provide a copy of the automobile insurance policy or policies covering you and/or the vehicle you were driving, including the declaration pages.

FILED IN OFFICE
ALLEN STEPHENSON
JUN 0 1 2006
CIRCUIT CLERK
BUTLER COUNTY

5. Please provide each and every insurance agreement or policy under which the insurer may be liable to pay all or part of a judgment entered in this action or to reimburse Defendant for payments made to satisfy a judgment in this action.

6. Please provide copies of all repair invoices or parts or labor which relate to any malfunction of your vehicle.

7. Copy of any statements you have made to anyone concerning the incident of October 5, 2005.

In accordance with Rule 34 of the *Alabama Rules of Civil Procedure*, Plaintiffs hereby request that said documents be made available for inspection and copying, at 163 West Main Street, Dothan, Alabama, on or before thirty (30) days after the service of this pleading, or in accordance with such other arrangements as may be convenient to counsel and is on or before said date.

Dated this the 30th day of May, 2006.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.


_____
Terry G. Key (KEY-011)


_____
Christy L. Hayes (HAY-068)
Attorneys for Plaintiff
Post Office Box 927
Dothan, Alabama 36302
(205) 793-1555


**PLEASE SERVE SIMULTANEOUSLY WITH COMPLAINT.**

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| DAVID W. JAHN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No.: CV-2006- 8ψ |
| | ) | |
| REGINALD JAMES WASHINGTON, | ) | |
| individually and | ) | |
| GROCERY SUPPLY COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' REQUEST FOR ADMISSIONS TO
### DEFENDANT REGINALD JAMES WASHINGTON

Comes now the Plaintiff in the above-styled matter and, pursuant to Rule 36 of the *Alabama Rules of Civil Procedure*, propounds the following Request for Admissions upon the Defendant, Reginald James Washington, to be responded to within the time period allowed by law.

In responding to this Request for Admissions, you shall either admit or deny the request for admission. In the event you deny the request for admission, you must set forth, in detail, the reasons why you could not truthfully admit the same.

You are reminded that under the provisions of Rule 36(a) of the *Alabama Rules of Civil Procedure* you may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. Rule 11 of the *Alabama Rules of Civil Procedure* provides that any such answer must be made in good faith. Rule 37(c) provides for payment of reasonable expenses incurred in making proof on any matter for which Defendant is requested to admit the truth thereof that said Defendant denies.

You are reminded that under the provisions of Rule 26 of the *Alabama Rules of Civil Procedure*, you are under a duty to supplement your responses to the following requests for admissions if you obtain information upon the basis of which (a) you know that the response was incorrect when made; or (b) you know that the response, though correct when made, is no longer true, and the

circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to this set of Requests for Admissions:

"You" and "your" shall mean the Defendant and each of his attorney's employees, agents, or representatives and all other persons acting on his behalf.

## REQUESTS FOR ADMISSION

1.      Defendant's name as stated in the Summons and Complaint is the correct legal name of Defendant.

2.      Service of the Summons and Complaint has been perfected upon Defendant.

3.      Defendant is subject to the personal jurisdiction of this Court.

4.      Butler County, Alabama, is the proper venue as to this Defendant in this action.

Dated this the ___30th___ day of May, 2006.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

_____
Terry G. Key (KEY-011)

_____
Christy L. Hayes (HAY-058)
Attorneys for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555

FILED IN OFFICE
ALLEN STEPHENSON
JUN 0 1 2006
CIRCUIT CLERK
BUTLER COUNTY

**TO BE SERVED SIMULTANEOUSLY WITH COMPLAINT.**

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| DAVID W. JAHN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: CV-2006-8**4** |
| | ) |
| REGINALD JAMES WASHINGTON, | ) |
| individually, and | ) |
| GROCERY SUPPLY COMPANY, | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT GROCERY SUPPLY COMPANY

COMES NOW the Plaintiff in the above styled cause and propounds the following Interrogatories upon Defendant Grocery Supply Company, to be responded to within the time period allowed by law.

In answering these Interrogatories, you are requested to furnish all information available to you, including information in the possession of your attorney or any person acting on your behalf, and not merely such information as is known of your own knowledge. If you cannot answer any particular Interrogatory or Interrogatories in full, after exercising due diligence to secure the information sought, so state in an answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE, you are under a duty to seasonably supplement your answer with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

You are under a duty to seasonably amend a prior answer if you obtain information upon the basis of which (a) you know that the answer was incorrect when made or (b) you know that the

FILED IN OFFICE
ELLEN STEPHENSON
JUN 0 1 2006
CIRCUIT CLERK
BUTLER COUNTY

answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend the answer is, in substance, a knowing concealment.

## TABLE OF DEFINITIONS

The Plaintiff sets forth the following definitions of various words and phrases which are contained in these Interrogatories. The Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help this Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of this Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

## DEFINITIONS

1.   When the term "*you or your*" is used in the foregoing Interrogatories, the Plaintiff is referring to Defendant Grocery Supply Company, its employees, partners or agents.

2.   When the term "*trucking company*" or "*Defendant trucking company*" is used in the foregoing Interrogatories, the Plaintiff is making reference to Defendant Grocery Supply Company, or the proper name of the owner of the tractor-trailer that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

3.   When the term "*Defendant driver*" is used in Plaintiff's Interrogatories, the Plaintiff is referring to Reginald James Washington, or the proper name of the driver of the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama..

4.   When the term "*subject truck*" is used in the foregoing Interrogatories, the Plaintiff is referring to the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

5.   The term "*document*" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material. To be included without limitation in this definition of

"*document*" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report, memoranda (including, without limitation, every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports or other *documents* as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

**NOTE:**    **When the definition terms as set out above are used in this discovery, they will be *italicized* to facilitate recognition and compliance by the responding party.**

---

## INTERROGATORIES

1.    Please state the name and address of the official capacity of the person or persons answering these Interrogatories on behalf of the *Defendant trucking company*.

   **ANSWER:**

2.    Please state the name and present or last known address of the person or persons who were in charge of hiring truck drivers for the *Defendant trucking company* on and prior to October 5, 2005.

   **ANSWER:**

3.    Please state the name and present or last known address of the person employed by *your* company who was in charge of the overseeing the operation of all motor vehicles owned by the *Defendant trucking company* on and prior to October 5, 2005.

   **ANSWER:**

4.    Directing *your* attention to the date of October 5, 2005, and an accident that occurred on that date on at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama., between a vehicle in which Plaintiff was driving and the *subject truck* owned by *you* and operated by *Defendant truck driver*, and with regard to said accident, please furnish the following information:

(a)    State the exact full name and present or last known address of *Defendant truck driver*.

(b)    State whether or not there was any other person or persons in the *subject truck* at the time of the aforesaid accident.

(c)    State the name and present or last known address of the immediate superior of *Defendant truck driver* at the time of the accident.

(d)    State the name and present or last known address of the person or persons who employed the *Defendant truck driver* to operate the *subject truck* on the day of the accident.

**ANSWER:**

5.    Please state the location from where the *subject truck* operated by *Defendant truck driver*, which was involved in the accident, had originated its trip immediately prior to said accident on October 5, 2005, and identify the immediate destination of the *subject truck* at the time of the accident.

**ANSWER:**

6.    Please describe in detail every location the subject truck had been driven by the *Defendant truck driver*, from the time he first came on duty to the time of the accident. Please include locations where the driver stopped to rest or to refuel also giving an accurate account for the time all time spent at any one location or time spent in route from one destination to the next.

**ANSWER:**

7.    How long had the *Defendant truck driver* been driving at the time of the accident.

**ANSWER:**

8.    When was the last the *Defendant truck driver* had rested and for how long, prior to the accident.

**ANSWER:**

9.    Other than consulting experts has any one from *Defendant trucking company* inspected the scene of the accident or the subject truck.

**ANSWER:**

10.    Where any items removed from the cab of the subject truck? If so please describe each item removed , why it was removed and how removed it.

4

**ANSWER:**

11.    Are there presently in existence any photographs taken of the *subject truck* that were made prior to the repairs, if any, on the *subject truck?*

**ANSWER:**

12.    Please give the names and last known addresses of any persons who claim to have seen the actual accident and the names and last known addresses of any persons who claim to have seen the *subject vehicle* immediately prior to the accident.

**ANSWER:**

13.    Please give the names and last known addresses of any persons who claim to have seen the vehicle in which the Plaintiff was an occupant and the manner in which it was situated immediately prior to the time of the accident.

**ANSWER:**

14.    Please identify and describe the *subject truck* involved in this accident in detail, including the year, make, weight, type of transmission (automatic, etc.), the horsepower of the truck, and the maximum loaded weight of the truck.

**ANSWER:**

15.    Please describe in detail the type of load being hauled on the *subject truck* at the time of this accident on October 5, 2005.

**ANSWER:**

16.    With regard to the *subject truck,* please provide the weight at the time of the accident in question of the following:

    a.    Tractor;

    b.    Trailer without cargo;

    c.    Trailer with cargo.

**ANSWER:**

17.    Please provide the governed RPM of the engine on the tractor of the *subject truck* at the time of the accident in question.

**ANSWER:**

18.    Please provide the maximum RPM of the engine of the tractor of the *subject truck* at the time of the accident in question.

5

**ANSWER:**

19. Please provide the drive-axle ratio of the tractor of the *subject truck* at the time of the accident.

    **ANSWER:**

20. Did the *subject truck* at the time of the accident have any wireless communications, satellite tracking or internet service device and/or service at the time of the accident? If so please state the name of the service and how the *subject truck* is designated with that service.

    **ANSWER:**

21. With regard to any statement of which *you* have knowledge (oral, written, recorded, court or transcript) taken from any person with knowledge relevant to this lawsuit, please state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

    **ANSWER:**

22. Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

    **ANSWER:**

Dated this 30th day of May, 2006.

Respectfully submitted,

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

Terry G. Key (KEY-011)

Christy L. Hayes (HAY-058)
Attorneys for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555

**TO BE SERVED SIMULTANEOUSLY WITH COMPLAINT.**

6

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

DAVID W. JAHN,                          )
                                        )
    Plaintiff,                          )
                                        )
vs.                                     )   Civil Action No.:  CV-2006- 84
                                        )
REGINALD JAMES WASHINGTON,              )
individually, and                       )
GROCERY SUPPLY COMPANY,                 )
                                        )
    Defendants.                         )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GROCERY SUPPLY COMPANY

    COMES NOW the Plaintiff, in the above-styled cause and propounds the following Requests for Production upon Defendant Grocery Supply Company, to be answered within the time period allowed by the FEDERAL RULES OF CIVIL PROCEDURE:

### DEFINITIONS

### TABLE OF DEFINITIONS

    The Plaintiff sets forth the following definitions which are contained in the attached Requests. Plaintiff provides the following definitions for the purpose of clarifying the meaning of words contained herein in order to help the Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

FILED IN OFFICE
ALLEN STEPHENSON

JUN 0 1 2006

CIRCUIT CLERK
BUTLER COUNTY

### DEFINITIONS

1.    When the term "*trucking company*" or "*Defendant trucking company*" is used in the foregoing Interrogatories, the Plaintiff is making reference to Defendant Grocery Supply Company, or the proper name of the owner of the tractor-trailer that caused a motor vehicle

accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

2.  When the term *"Defendant driver"* is used in Plaintiff's Interrogatories, the Plaintiff is referring to Reginald James Washington, or the proper name of the driver of the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

3.  When the term *"subject truck"* is used in the foregoing Interrogatories, the Plaintiff is referring to the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

4.  The term *"document"* shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material.  To be included without limitation in this definition of *"document"* are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report, memoranda (including, without limitation, every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports or other *documents* as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

NOTE:   When definition terms as set out above are used in this discovery they will be *italicized* to facilitate recognition and compliance by the responding party.

---

## *DOCUMENTS* TO BE PRODUCED

1.  Any and all *documents*, photographs, charts, diagrams and drawings of the accident scene or vehicles involved in the accident the subject of this lawsuit.

2.  Any and all insurance agreements, *documents*, and/or contracts that provide coverage or would insure the risk in this lawsuit.

3.    Any and all *documents*, reports, statements or other material consulted to answer the Interrogatories or used to refresh the memory of those persons preparing the answers to Plaintiff's First Interrogatories to *Defendant trucking company*.

4.    Any and all statements given by the Defendants and/or other persons concerning the accident on or about October 5, 2005, including, but not limited to, transcribed statements, copies of untranscribed tapes, signed statements, or unsigned statements given by Defendants.

5.    The application for employment from the *Defendant driver* to *Defendant trucking company*, including, but not limited to, those as required by Section 391.21 of the Federal Motor Carrier Safety Regulations.

6.    Any and all *documents* related to all violations of motor vehicle traffic laws and ordinances which the *Defendant driver* has been convicted of or which he has forfeited bond or collateral during the 60 month period preceding the accident date of October 5, 2005. This request refers specifically to that record-keeping requirement as set forth in Section 391.27 of the Federal Motor Carrier Safety Regulations.

7.    The *Defendant trucking company*'s annual review of *Defendant driver*'s driving record as required by Section 391.25 of the Federal Motor Carrier Safety Regulations.

8.    The certificate of road test conducted by *Defendant trucking company* on the application of employment of *Defendant driver* as required by Section 391.31 of the Federal Motor Carrier Safety Regulations.

9.    Any and all written examinations given by the *Defendant trucking company* to *Defendant driver* and the results thereof.

10.   The *Defendant driver*'s daily log as required by Section 395.8 of the Federal Motor Carrier Safety Regulations for the period beginning October 5, 2004, and ending October 5, 2005.

11.   The *Defendant driver*'s vehicle inspection reports as required by Section 396.11 and 396.13 of the Federal Motor Carrier Safety Regulations for the period beginning October 5, 2004, and ending October 5, 2005.

12.   A copy of the incident report or accident report completed by this Defendant for the accident that occurred on or about October 5, 2005, involving a Grocery Supply Company truck driver, Reginald Washington.

13.   Copies of any and all safety and/or rule books utilized by this Defendant and/or applicable to this Defendant's drivers.

14.   Copies of any and all driver handbooks issued by this Defendant to its drivers.

3

15.  A copy of any and all *documents* and/or minutes related to all safety meetings of this Defendant.

16.  Copies of any and all communications between this Defendant and the U.S. Department of Transportation for a time period of one (1) year preceding the date of the accident in question and up to the present date.

17.  Copies of any and all records or reports related to annual inspections of the *subject truck.*

18.  A current or recent photograph of *Defendant driver*, or, as an alternative, make *Defendant driver* available for photograph by the Plaintiff's attorneys or representatives.

19.  Any and all fuel receipts and/or charge receipts of any kind related to over the road charges by *Defendant driver* for one (1) year period preceding the date of the accident which forms the basis of this action.

20.  Any and all *documents* related to DOT reviews or inspections of the *Defendant trucking company* and/or the *Defendant driver* for a period of five (5) years preceding the date of the accident which forms the basis of this action.

21.  Copies of any and all pay records, to include pay submissions, by the *Defendant driver* for a one (1) year period preceding the date of the accident which forms the basis of this action.

22.  Copies of any and all daily trip reports related to the *Defendant driver* for a one (1) year period preceding the date of the accident which forms the basis of this action.

23.  Any and all *documents* related to inquiries issued to or by state agencies (pursuant to 49 CFR § 391.23) regarding CDL issued to the *Defendant driver* during the last three (3) years.

24.  Any and all *documents* relative to any and all investigations of the *Defendant driver*.

25.  Copies of the *Defendant driver*'s employment records with *Defendant trucking company*, including pay stubs.

26.  Any and all contracts and/or agreements between the *Defendant trucking company* and the *Defendant driver* in this matter.

27.  Any and all correspondence and/or communications between the *Defendant trucking company* and the *Defendant driver* in this matter.

28.  Any and all *documents* relating to the material being hauled in the trailer of the *subject truck* at the time of the accident which forms the basis of this action.

29.  Any and all *documents* regarding policies for review of the daily logs of drivers of the *Defendant trucking company.*

30.   All charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of each person(s) with possession, custody, and/or control of each item.   With regard to the videotapes, indicate the dates and times they were taken.

31.   All *documents* and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified and give the name and address of the person(s) having possession, custody, and/or control of each item.

32.   All repair orders and/or invoices for any parts or labor which relate to any repair to the *subject truck* for the five (5) year period preceding the date of the accident made the basis of this action.

33.   A copy of the *Defendant driver*'s application for employment with the *Defendant trucking company*.

34.   All *documents* evidencing or reflecting any physical evaluation of the *Defendant driver*, including, but not limited to, vision testing and hearing testing.

35.   Any and all medical records or other documents relating to any treatment or testing of the *Defendant driver*'s hearing and/or vision.

36.   All *documents* evidencing any reprimands, citations, warnings, or traffic tickets provided to the *Defendant driver* by the *Defendant trucking company* or any other entity.

37.   All *documents* evidencing or relating to the minimal educational, training and work experience requirements relating to driving set by and/or promulgated by and/or adhered to by the *Defendant trucking company* for vehicles owned by the *Defendant trucking company* and driven by the *Defendant trucking company*'s employees.

38.   All *documents* evidencing or reflecting violations of motor vehicle traffic laws and/or ordinances and/or Federal Motor Carrier safety regulation violations which the *Defendant driver* has been charged and/or convicted of during the five (5) years preceding the basis of the accident made the basis of this action.

39.   Any and all *documents* evidencing or reflecting training requirements and/or materials prepared, promulgated, maintained, distributed, and/or advocated by the *Defendant trucking company* concerning or relating to the operation of vehicles.

40.   All *documents* evidencing or reflecting complaints, allegations, and/or disciplinary actions concerning the *Defendant driver*'s negligent, reckless, and/or wanton operation of a vehicle owned by the *Defendant trucking company* within the five (5) years preceding the accident made the basis of this action.

41.    Any and all reports by any expert retained or consulted by the *Defendant trucking company* with respect to any aspect of the occurrence made the basis of this lawsuit.

42.    Any and all *documents* related to the weight of the tractor of the *subject truck*.

43.    Any and all *documents* related to the weight of the trailer of the *subject truck*.

44.    Any and all *documents* related to the weight of the cargo of the *subject truck*.

45.    Any and all *documents* related to the make and model of the engine in the tractor of the *subject truck*.

46.    Any and all *documents* related to the governed RPMs of the engine in the tractor of the *subject truck*.

47.    Any and all *documents* related to the maximum RPM of the engine of the tractor of the *subject truck*.

48.    Any and all *documents* related to the make and model of the transmission in the tractor of the *subject truck*.

49.    Any and all *documents* related to the drive actual ratio of the tractor of the *subject truck*.

50.    Any and all *documents* or other manuals received from the manufacturer, distributor or dealer of the tractor of the *subject truck*.

51.    Any and all *documents* or other manuals received from the manufacturer, distributor or dealer of the trailer of the *subject truck*.

52.    Any and all correspondence downloaded or stored on any computers or other similar devices on the tractor of the *subject truck*.

53.    Any and all *documents* related to restrictions on the license or CDL of the *Defendant driver*, including, but not limited to, vision restrictions.

54.    Any and all Bills of Lading regarding the shipment being hauled by the *subject truck* at the time of the accident in question.

55.    The build sheet for the tractor of the *subject truck* involved in the accident which forms a basis of the Plaintiff's Complaint.

Dated this 30th day of _May_, 2006.

Respectfully submitted,

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

Terry G. Key (KEY-011)

Christy L. Hayes (HAY-058)
Attorneys for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555

**TO BE SERVED SIMULTANEOUSLY WITH COMPLAINT.**

7

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| DAVID W. JAHN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.: CV-2006- 84 |
| | ) |
| REGINALD JAMES WASHINGTON, | ) |
| individually, and | ) |
| GROCERY SUPPLY COMPANY, | ) |
| | ) |
|    Defendants. | ) |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT GROCERY SUPPLY COMPANY

COMES NOW the Plaintiff, in the above-styled cause and propounds the following Request for Admissions upon Defendant, Grocery Supply Company, to be answered within the time period allowed by the *Federal Rules of Civil Procedure*:

### INSTRUCTIONS

The matters herein are admitted unless, within thirty (30) days after service of the Request on you, you serve a written answer or objection to each matter, signed by you or your attorney. Any denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny on a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter. In responding to these requests for admissions, you shall either admit or deny the request for admission. In the event you deny the request for admission, you must set forth in detail the reasons why you could not truthfully admit the same.

### TABLE OF DEFINITIONS

The Plaintiff sets forth the following definitions of various words and phrases which are contained in these Requests. Plaintiff provides the following definitions for the purpose of

clarifying the meaning of various words and phrases contained herein in order to help this Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiffs that an affirmative response on the part of the Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to this set of Request for Admissions:

1.  When the terms "*you*" or "*your*" are used, they are intended to and shall embrace and include in addition to *you*, the named party to whom they are directed, *your* attorney, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on *your* behalf.

2.  When the terms "*Defendant*," "*trucking company*" or "*Defendant trucking company*" are used in the foregoing Requests, the Plaintiff is making reference to Defendant Grocery Supply Company or the proper name of the owner of the tractor-trailer that caused a motor vehicle accident in which Plaintiff was involved on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

3.  When the term "*Defendant driver*" is used in Plaintiff's Interrogatories, the Plaintiff is referring to Reginald James Washington, or the proper name of the driver of the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

4.  When the term "*subject truck*" is used in the foregoing Interrogatories, the Plaintiff is referring to the tractor-trailer owned by *Defendant trucking company* that caused a motor vehicle accident in which Plaintiff was involved on or about on or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

**NOTE:**    **When the definition terms as set out above are used in this discovery, they will be *italicized* to facilitate recognition and compliance by the responding party.**

---

## REQUEST FOR ADMISSIONS

1.  *You* have been properly named as party defendant insofar as the legal designation of *your* name.

    **ANSWER:**

2.  That *Defendant* has been properly served as a party defendant in the present cause.

    **ANSWER:**

3.  That the Court in which the present action is pending does, in fact, have subject matter jurisdiction of the present cause.

    **ANSWER:**

4.  That there are no other indispensable parties who should be joined as co-defendants in this case.

    **ANSWER:**

5.  That on or about October 5, 2005, *Defendant driver* was an agent, servant, or employee of *Defendant trucking company*.

    **ANSWER:**

6.  That the *subject truck* being driven by *Defendant driver* on or about October 5, 2005, was owned by *Defendant trucking company*.

    **ANSWER:**

7.  That on or about October 5, 2005, *Defendant driver* was a permissive user of a vehicle owned by *Defendant trucking company*.

    **ANSWER:**

8.  That on or about October 5, 2005, *Defendant driver*, in the course of his employment with *Defendant trucking company*, was traveling on I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama.

    **ANSWER:**

9.  That on or about October 5, 2005, *Defendant driver* was involved in a collision with a vehicle in which Plaintiff was an driving.

    **ANSWER:**

10.      That *Defendant trucking company* was under a duty to take reasonable measures to ensure its tractor-trailer driver operated his tractor-trailer with due care under the circumstances in such a manner as to prevent the Plaintiff from being harmed.

        **ANSWER:**

11.      That the Plaintiff did not contribute to his own injury.

        **ANSWER:**

12.      That the Plaintiff did not assume the risk of being injured.

        **ANSWER:**

13.      That *Defendant trucking company* failed to adequately supervise its employee in the operation of motor vehicles owned by *Defendant trucking company* within the applicable standard of care.

        **ANSWER:**

14.      That the *Defendant driver* was acting in the line and scope of his employment with *Defendant trucking company* at the time of the accident made the basis of this action.

        **ANSWER:**

Dated this _30th_ day of _May_, 2006

                 Respectfully submitted,

                 **COCHRAN, CHERRY, GIVENS,**
                 **SMITH, LANE & TAYLOR, P.C.**

                 Terry G. Key (KEY-011)

                 Christy L. Hayes (HAY-058)
                 Attorneys for Plaintiff
                 Post Office Box 927
                 Dothan, AL 36302
                 (334) 793-1555

FILED IN OFFICE
ALLEN STEPHENSON
JUN 0 1 2006
CIRCUIT CLERK
BUTLER COUNTY

**TO BE SERVED SIMULTANEOUSLY WITH COMPLAINT.**