IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID W. JAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:06-cv-623 |
| ) | |
| REGINALD JAMES WASHINGTON, ) | |
| individually and GSC ENTERPRISES, ) | Plaintiff Demands a Trial by Jury |
| INC., d/b/a GROCERY SUPPLY ) | |
| COMPANY ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff in the above-styled cause and as the basis for the relief hereinafter prayed for, states as follows:

1. The matter in controversy exceeds, exclusive of costs, Ten Thousand Dollars ($10,000.00).

2. The Plaintiff, David W. Jahn, at all times material to this action, was resident of Dothan, Houston County, Alabama.

3. Upon information and belief, Defendant Reginald James Washington, at all times material to this action, was a resident of and domiciled in Pensacola, Florida, and was driving the GSC Enterprises, Inc., d/b/a Grocery Supply Company truck that caused the collision made the basis of this Complaint.

4. On information and belief, Defendant GSC Enterprises, Inc., d/b/a Grocery Supply Company is a Florida based business.

5. GSC Enterprises, Inc., d/b/a Grocery Supply Company transacts business throughout the State of Alabama and was transacting business in Georgiana, Butler County, Alabama, on the date in question as set forth below in this Complaint.

6. Reginald James Washington, was acting within the line and scope of his employment

with GSC Enterprises, Inc., d/b/a Grocery Supply Company. GSC Enterprises, Inc., d/b/a Grocery Supply Company is vicariously liable for the conduct of its agents or employees, including but not limited to Reginald James Washington.

7. The accident which forms the basis of this lawsuit occurred in Butler County, Alabama, on or about October 5, 2005.

## COUNT ONE

### WANTON and NEGLIGENT CONDUCT

8. Plaintiff restates and reaffirms the above paragraphs as if fully stated herein.

9. On or about October 5, 2005, at or near I-65 and AL Hwy 106 in Georgiana, Butler County, Alabama, Defendant Washington negligently and/or wantonly operated his 18-wheeler vehicle causing it to collide with the vehicle in which Plaintiff David W. Jahn was the driver.

10. As a direct and proximate consequence of Defendant Washington's negligent and/or wanton conduct, Plaintiff was caused to suffer severe personal injuries including, but not limited to serious and permanent injuries.

11. As a direct and proximate result of the aforementioned injuries, Plaintiff has been caused to incur expenses for medical treatment and related care. Such expenses have fallen upon Plaintiff. In addition, Plaintiff has been caused to suffer extreme pain and suffering and mental anguish.

### COUNT TWO – NEGLIGENT ENTRUSTMENT

12. Plaintiff restates and reaffirms the above paragraphs as if fully stated herein.

13. At the time of the collision which is the basis for this action, Defendant Washington was operating a motor vehicle which belonged to Defendant GSC Enterprises, Inc., d/b/a Grocery Supply Company, with the permission of the owner.

14. As a proximate cause of Defendant GSC Enterprises, Inc., d/b/a Grocery Supply Company's negligent entrustment of said motor vehicle to Defendant Washington, the Plaintiff was caused to suffer serious and permanent bodily injury.

## COUNT THREE – RESPONDEAT SUPERIOR

15. Plaintiff restates and reaffirms the above paragraphs as if fully stated herein.

16. At the time of the collision which is the basis of this Complaint, Defendant Washington was an employee of GSC Enterprises, Inc., d/b/a Grocery Supply Company.

17. At the time of said collision, Defendant Washington was acting within the line and scope of this employment with Defendant GSC Enterprises, Inc., d/b/a Grocery Supply Company.

18. Under the doctrine of Respondeat Superior, the negligent and/or wanton conduct of Defendant Washington is imputed to Defendant GSC Enterprises, Inc., d/b/a Grocery Supply Company.

WHEREFORE, Plaintiff seeks damages against Defendants in such sums as the evidence may show and the jury may find, together with costs of this action, for compensatory damages and punitive damages in excess of the required jurisdictional amount of this Court and sufficient to deter Defendants and others from similar conduct in the future, attorneys' fees and interests and costs, as well as any additional amount deemed by this Honorable Court to be justifiable recompense for the damages sustained.

Dated this the 12th day of January, 2007.

**COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P. C.**

/s/Terry G. Key
Christy L. Hayes (HAY-058)
Terry G. Key (KEY-011)
Attorneys for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I electronically filed Plaintiff's First Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Shane M. Oncale
Attorney for Defendants
oncale@clarkdolan.com

/s/ Terry Key