IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| DAVID W. JAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:06-cv-623 |
| | ) |
| REGINALD JAMES WASHINGTON individually, and GROCERY SUPPLY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT REGINALD JAMES WASHINTON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, Reginald James Washington, and in response to the Plaintiff's First Amended Complaint states as follows:

1. Defendant admits the averments contained in Paragraph 1 of the Plaintiff's First Amended Complaint.

2. Defendant lacks sufficient information and knowledge to either admit or deny the averments contained in Paragraph 2 of the Plaintiff's First Amended Complaint and, therefore, those averments are denied and Defendant demands strict proof thereof.

3. Defendant admits that at the time of the accident in question, that he was a resident of Pensacola, Florida and was driving a truck on behalf of Grocery Supply Company. Defendant denies the remaining averments of Paragraph 3 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

4. Defendant lacks sufficient information or knowledge to admit or deny the averments contained in Paragraph 4 of the Plaintiff's First Amended Complaint and therefore, those averments are denied and Defendant demands strict proof thereof.

5. Defendant lacks sufficient information or knowledge to admit or deny the averments contained in Paragraph 5 of the Plaintiff's First Amended Complaint and therefore, those averments are denied and Defendant demands strict proof thereof.

6. Defendant admits that he was acting within the line and scope of his employment with Grocery Supply Company at the time of the accident made the basis of the Plaintiff's First Amended Complaint. Defendant denies the reaming averments contained in Paragraph 6 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

7. Defendant admits the averments contained in Paragraph 7 of the Plaintiff's First Amended Complaint.

## COUNT ONE - WANTON AND NEGLIGENT CONDUCT

8. Defendant adopts and realleges the responses provided in Paragraphs 1-7 above as if fully set forth herein.

9. Defendant denies the averments contained in Paragraph 9 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

10. Defendant denies the averments contained in Paragraph 10 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

11. Defendant denies the averments contained in Paragraph 11 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

## COUNT TWO - NEGLIGENT ENTRUSTMENT

12. Defendant adopts and realleges the responses provided in Paragraphs 1-11 above as if fully set forth herein.

13. Defendant admits that at the time of the accident made the basis of the Plaintiff's First Amended Complaint, he was operating a vehicle on behalf of Grocery Supply Company with the permission of Grocery Supply Company. Defendant denies the remaining averments contained in Paragraph 13 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

14. Defendant denies the averments contained in Paragraph 14 of the Plaintiff's First Amended Complaint and demands strict proof thereof.

## COUNT THREE – RESPONDENT SUPERIOR

15. Defendant adopts and realleges the responses provided in Paragraphs 1-14 above as if fully set forth herein.

16. Defendant admits the averments contained in Paragraph 16 of the Plaintiff's First Amended Complaint.

17. Defendant admits the averments contained in Paragraph 17 of the Plaintiff's First Amended Complaint.

18.     Defendant denies the averments contained in Paragraph 18 of the Plaintiff's First Amended Complain and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies each and every material averment of the plaintiff's complaint and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff was guilty of contributory negligence and said contributory negligence caused or contributed to cause the accident, injuries and damages alleged by the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff assumed the risk of his own injury, barring recovery in this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendant expressly denies that any act or omission on its part caused or contributed to cause the accident, injuries or damages alleged by the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The accident made the basis of the plaintiff's complaint was caused by the intervening or superseding negligence of a third party not named in the plaintiff's complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant was faced with a "sudden emergency" and responded appropriately given the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff had the "last clear chance" to avoid the defendant who was in a position of peril.

## NINTH AFFIRMATIVE DEFENSE

The award of punitive damages claimed by plaintiffs violates Article 1, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)  That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)  That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)  That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)  That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e)  That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

### TENTH AFFIRMATIVE DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* §6-11-21 (Repl. Vol 1993).

### ELEVENTH AFFIRMATIVE DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

### TWELFTH AFFIRMATIVE DEFENSE

Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. V. Oberg*, 114 S. Court. 2331 (1994).

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against this defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendant's right against double jeopardy insured by the Fifth

Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to the plaintiff's demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of **_BMW of North America, Inc., v. Gore_**, 646 So. 2d 619 (Ala. 1984), judgment vacated, ____ U.S. ____, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, WL 233910 (May 9, 1997).

### FIFTEENTH AFFIRMATIVE DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by the plaintiff in this lawsuit, constitutes a violation of the due process clause of the Constitution of the United States, under the authority of **_BMW of North America, Inc., v. Gore,_** 646 So.2d 619 (Ala.1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997). The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant so as to deprive it of due process of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant avers that the 1993 decision of **_Henderson v. Alabama Power Company_**, 626 So.2d 878, declaring Section 6-11-21, **_Code of Alabama_**, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

_____
SHANE M. ONCALE (ASB-8108-N77S)
Attorney for Defendant GSC

OF COUNSEL:

Clark Oncale Hair & Smith, PC
PO Box 530467
Birmingham, Alabama 35253
(205) 397-2900

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ____ day of February, 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same in the U. S. Mail properly addressed and first-class postage prepaid to:

Terry G. Key
Christy L. Hayes
COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.
PO Box 927
Dothan, AL 36302

_____
OF COUNSEL

Case 2:06-cv-00623-MEF-SRW   Document 16   Filed 02/02/2007   Page 9 of 9