IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID W. JAHN, | ) |
| Plaintiff, | ) |
| vs. | )  Civil Action No. 02:06-cv-623 |
| REGINALD JAMES WASHINGTON, et al., | ) |
| Defendants. | ) |

**MOTION FOR ENTRY OF HIPAA ORDER**

Comes now the Defendants, REGINALD JAMES WASHINGTON and GSC ENTERPRISES, INC., and moves the Court to enter a "HIPAA Order", a proposed copy of which is attached as Exhibit A. Defendant's proposed HIPAA Order complies with the requirements of US District Court. In further support of this motion, Defendant offers the following.

1. Plaintiffs allege that they experienced personal injury as a result of the wrongful conduct of the Defendants named in this lawsuit. Accordingly, Plaintiffs' hospitalizations, as well as information regarding his/her medical history and treatment are relevant to the issues presented in this case.

2. Defendant cannot obtain such information without a HIPAA Order because of federal statutes, including HIPAA ("Health Insurance Portability and Accountability Act") at 42 USC § 201 *et seq*. Hospitals, physicians and other health care providers will not provide medical information absent a release or a judicial directive such as the proposed HIPAA Order.

WHEREFORE, PREMISES CONSIDERED, Defendants, JAMES WASHINGTON and GSC ENTERPRISES, INC., respectfully requests the Court to enter the proposed HIPAA Order.

        *s/Jay Clark*
        **JOHN W. CLARK, JR.**
        Attorney for REGINALD JAMES WASHINGTON and GSC ENTERPRISES, INC.
        State Bar: ASB-2581-C61J

OF COUNSEL:

CLARK, HAIR & SMITH, P.C.
P.O. BOX 530467
Birmingham, AL 35253
205/397-2900
205/397-2901 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have this 29th day of March, 2007 sent via electronic mail and/or U.S. mail a copy of the foregoing pleading to the following attorneys of record:

Terry G. Key, Esq.
P.O. Box 927
Dothan, AL. 36302

        *s/Jay Clark*
        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID W. JAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 02:06-cv-623 |
| ) | |
| REGINALD JAMES WASHINGTON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**HIPAA ORDER IN CIVIL ACTION**

    Upon compliance with the Federal Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, an administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such Individual. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

    **This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

    Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

    Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

    At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Federal Rules of Civil Procedure.

    DONE and ORDERED this the _____ day of _____, 2007.

_____
CHIEF UNITED STATES DISTRICT JUDGE