# EXHIBIT
# B



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

2026 VALLEYDALE ROAD
HOOVER, ALABAMA 35244-2095

TELEPHONE (205) 982-9292
FACSIMILE (205) 403-2025

July 27, 2007

Mr. Eric D. Bonner
Clark, Hair & Smith
P. O. Box 530467
800 Shades Creek Parkway Suite 850
Birmingham, AL 35253

Re:   Jahn v. Washington, et al.
      US Mid. Dist. AL 2:06-CV-623
      ADFS case number 06MB00337

Dear Mr. Bonner:

Pursuant to your request, I am providing a summary of my conclusions in the referenced case based upon certain facts provided by you. These facts included a report identified by you as a hospital laboratory analysis of blood collected from David Jahn at 3:42 AM on 10/6/2005. This report included an ethanol result of 28 mg/dL. You stated that a vehicular incident occurred in Butler County, Alabama at approximately 10:45 PM on 10/5/2005 and the hospital laboratory finding is a result of his treatment thereafter. You added that Jahn was a male, 72" tall and weighing 180 lbs. I have assumed that these facts are reliable and accurate without having conducted a separate, independent examination.

You have asked that I render an opinion regarding impairment Jahn would have experienced during the aforementioned incident.

In order to provide such an opinion, it is necessary to determine Jahn's estimated blood ethanol concentration at the time of the incident. Such a determination would require a retrograde extrapolation of Jahn's blood ethanol concentration from the time of the test back to the time of the incident.

The reported finding of ethanol at a concentration of 28 mg/dL in all likelihood represents a determination in serum rather than whole blood. Because retrograde extrapolations are typically based upon whole blood ethanol concentrations, it is necessary to relate the reported finding in serum to what would have been present in whole blood, which in this case would be 0.02-0.03 g/dL. Such a concentration is very low and retrograde extrapolation from such a basis is unreliable due to the potential for non-linear elimination of ethanol at such low levels.

Nevertheless, based upon Jahn's height and weight, one can determine how much ethanol could be eliminated during a given period. Given an inclusive elimination rate range of 0.01-0.03 g/dL/hr and the aforementioned body morphology, one can calculate such elimination to be 5.6-16.7 grams of ethanol per hour. Accordingly, Jahn could have eliminated during the 5-hour period from the time of the incident and the time of sample collection between 28-83 grams of ethanol or the equivalent of 2-7 12-ounce cans of beer or 1¼-ounce portions of 80-proof liquor. While this does not provide

for a determination of Jahn's blood ethanol concentration at the time of the incident, it does represent what Jahn could have consumed prior to the incident and still reconcile with the aforementioned laboratory finding.

As for the circumstances of this letter, I have not been retained; rather the State of Alabama is to be reimbursed for my expended time pursuant to State law.

The conclusions and opinions expressed herein are based upon stated assumptions and facts. Should any of these assumptions or facts be in error or become obsolete, my conclusions and opinions may be subject to change. Should you need any further assistance in this case, please do not hesitate to contact me.

Yours truly,

Jack R. Kalin, Ph.D., DFTCB
Toxicology Discipline Chief

**JACK R. KALIN, Ph.D., D-FTCB**

Alabama Department of Forensic Sciences
2026 Valleydale Road, Hoover, AL 35244-2095
Tel (205) 982-9292  Fax (205) 403-2025  Email jack.kalin@adfs.alabama.gov

**PROFESSIONAL EMPLOYMENT**

2003-present   **Toxicology Discipline Chief,** Alabama Department of Forensic Sciences

Department-wide Toxicology Discipline technical supervisor.

1990-2004     **Toxicology Section Chief,** Alabama Department of Forensic Sciences

Birmingham Regional Laboratory Toxicology Section supervisor. Provided evidential analytical, interpretational, and testimonial support for coroners, medical examiners and law enforcement agencies in death and criminal investigations within the northern half of the state of Alabama.

1989-1990     **Toxicologist,** Broward County Medical Examiner's Office, Fort Lauderdale, FL

Analyzed specimens for therapeutic and illicit drugs in death and criminal investigations.

1979-1987     **Senior/Research Biochemist,** Southern Research Institute, Birmingham, AL

Conducted disposition research studies with synthetic retinoid (Vitamin A) analogues under NCI funding. Conducted disposition research studies with candidate anticancer and antiviral compounds, xenobiotics and manufacturing byproducts undergoing EPA- and FDA-mandated safety assessments.

**EDUCATION**

**B.Sc.,** Biochemistry, 1972, McGill University, Montreal, Quebec, Canada
Postbaccalaureate, Microbiology, 1972-1973, Florida Atlantic University, Boca Raton, FL
**Ph.D.,** Biochemistry & Molecular Biology, 1979, University of Florida, Gainesville, FL

**CERTIFICATIONS**

Alabama Chemical Test for Intoxication Act (1990), #T003, Breath testing (1995), #D00011
Alabama Peace Officers Standards Training (1991), #15244
Forensic Toxicologist Certification Board, Diplomate (1995)
*INTOXILYZER® 5000* Breath Alcohol Analysis, Basic Instrument Maintenance, Repair, Operation and Calibration (1995)

**AFFILIATIONS**

American Academy of Forensic Sciences
American Chemical Society
Forensic Specialties Accreditation Board
Forensic Toxicologist Certification Board (Charter Board Member and Past President)
International Association for Chemical Testing
Society of Forensic Toxicologists
Southern Association of Forensic Scientists



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

2026 VALLEYDALE ROAD  TELEPHONE (205) 982-9292
HOOVER, ALABAMA  FACSIMILE (205) 403-2026

7/17/2007                **CIVIL LITIGATION INVOICE**

Mr. Eric D. Bonner
Clark, Hair & Smith
800 Shades Creek Parkway Suite 850
Birmingham, AL  35209-

**ADFS Case**   06MB00337
**Your File**   19005-45
**Case Name**   US Mid. Dist. AL 2:06-CV-623
**Action**      Jahn v. Washington, et al.

The Code of Alabama, 1975 as amended, provides for the Department of Forensic Sciences to charge and collect $300 per hour per scientist for personnel time expended in civil litigation which arises from death and/or criminal investigations conducted by the Department pursuant to §36-18-2. A requesting party will receive an engagement invoice for $300 for the first hour or part thereof, upon payment of which work can begin. This work shall include, but not be limited to records retrieval and review, consultations, affidavits, deposition and court appearance and travel. Upon completion of work, an invoice will be submitted for all expended time less the engagement fee(s).

| The following reimbursement is due for activities of Forensic Sciences personnel. | | | | | |
|---|---|---|---|---|---|
| Date | Employee | Activity | Qty | Charge | Notes |
| 6/22/2007 | Jack R. Kalin, PhD, DFTCB | Consultation | 0.25 | | Telephone consultation, Mr. Bonner. |
| 7/17/2007 | Jack R. Kalin, PhD, DFTCB | Engagement | 1 | $300.00 | Engagement invoice submitted. |
| **Balance Due** | | | | **$300.00** | |
| *If this invoice does not include previous payments, please contact the Department.* | | | | | |

Make checks payable to the ALABAMA FORENSIC SERVICES TRUST FUND and remit to the letterhead address. Please include on your check the Forensic Sciences Case Number, 06MB00337.